UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
RODNEY GONEY, *et al.*,                              :
                                                     :
                          Plaintiffs,                :        **ORDER GRANTING MOTIONS**
                    v.                               :        **TO DISMISS**
                                                     :
SUTTONPARK CAPITAL LLC,                              :        20 Civ. 5387 (AKH)
*et al.*,                                            :
                                                     :
                          Defendants.                :
                                                     :
                                                     :
                                                     :
------------------------------------------------------------ X

ALVIN K. HELLERSTEIN, U.S.D.J.:

There are three motions to be decided:  first, a motion by defendants Suttonpark

Capital LLC and Suttonpark Structured Settlements LLC (collectively, "Sutton") to dismiss the

complaint for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), for

failing to state a legally sufficient claim for relief pursuant to Federal Rule of Civil Procedure

12(b)(6), and to strike scandalous and irrelevant paragraphs of the complaint pursuant to Federal

Rule of Civil Procedure 12(f).  Second, a motion to dismiss by defendant Edward Stone under

Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 9(b).  And, third, a motion by plaintiffs

to strike allegations of defendants' motions and to seal.

As a threshold matter, the 118 paragraphs of the complaint, supported by 26

exhibits extending to over 125 pages, is not a "short and plain statement" of the grounds of

jurisdiction and the claim for relief required by Rule 8(a) of the Federal Rules of Civil

Procedure.  The motions contain considerable material outside the pleadings, which I decline to

consider.  *See* Fed. R. Civ. P. 12(d).  And the matters that are the subjects of the motions to strike

1

are insufficiently described to permit responsive judicial rulings.  I deny these motions to strike (and seal) without prejudice to renewal.

**Background**

I begin with a summary of the complaint, shorn of evidentiary and vituperative allegations, but sufficient to understand the claims and defenses.

The lawsuit was filed on July 13, 2020.  The parents of Lyndsy Noel ("Lyndsy"), plaintiffs Rodney and Lori Goney, and Lyndsy's seven-year old son, also a plaintiff, allege serious wrongs committed against Lyndsy, who is not a party to this suit.  Plaintiffs do not explain why Lyndsy is not a party plaintiff when the suit is mainly about her.

The complaint alleges that Lyndsy suffered serious injuries when the car in which she was a passenger was broad-sided by a truck.  The accident occurred on February 4, 2005, 16 years ago, when Lyndsy was 13 years old.  As a result of the accident, Lyndsy obtained a structured settlement of $1,000,000 after expenses in the form of a John Hancock annuity.

The complaint alleges that Lyndsy, after becoming an adult, became addicted to narcotics.  She ran out of money and, in stages between January and June 2016, and in conditions of extreme depravity, sold her annuity to Liberty Settlement Solutions LLC, a subsidiary of defendants Sutton, or to Sutton and to others, for $273,556.  The complaint is unclear as to who the buyers were, when the purchases occurred, alleging in one instance that the sales took place between August 26, 2015 and February 10, 2016, *Compl.* at ¶ 13, and in another, from January through June 2016, *Compl.* at ¶ 51, and other material details.

The complaint alleges that Sutton, a "leading wholesale aggregator of structured settlements," *Compl.* at ¶ 40, took advantage of Lyndsy's addicted condition and need for money, and paid her an unreasonably low price.  The complaint alleges that Sutton made the

purchases by abducting Lyndsy and her son, keeping Lyndsy in drugs, and demonizing her parents.  On July 9, 2016, the complaint alleges that Lyndsy stopped receiving annuity payments; her parents took Lyndsy and her son into their home and supported her.

Next, after a search, plaintiffs engaged defendant Edward Stone, as their lawyer in August 2016.  Plaintiffs allege that Stone had a conflict of interest and did not advance their case effectively against Sutton.  On August 13, 2018, plaintiffs sought to substitute a different lawyer but, they allege, Stone refused to release the files if he was not paid $74,000 (apparently asserting an attorney's lien against unpaid fees).  On April 9, 2019, plaintiffs' new lawyer terminated Stone's representation without obtaining Stone's casefile.  Lyndsy settled with Sutton, *Compl.* at ¶ 88; the complaint does not specify when or on what terms.

### Discussion

Plaintiffs allege seven claims for relief.  Trevin Noell (Lyndsy's son) alleges that Sutton assumed a duty to him by abducting him and his mother and plying her with drugs, that Sutton was negligent and grossly negligent, and was guilty of false imprisonment, proximately causing unspecified harm to him.  *Compl.* at ¶¶ 90–105.  All three plaintiffs allege a claim under RICO against Sutton.  Plaintiffs allege that Sutton "invested in and controlled an enterprise that conducted a pattern of racketeering activities," including "kidnapping, bribery, extortion and dealing in a controlled substance, "causing them harm.  *Id.* at ¶ 107.  There are no further specifics.  Plaintiffs next turn to Stone, alleging that he failed to exercise proper "care, skill and diligence," *id.* at ¶ 111, and breached a duty of loyalty and care owed by a lawyer, amounting to malpractice.  Plaintiffs ask for money damages in an unspecified amount and an injunction.  Plaintiffs allege that the court has subject matter jurisdiction because of diverse citizenship between all plaintiffs and defendants (including the individual and corporate owners of the

LLCs), RICO, and supplemental jurisdiction.  28 U.S.C. §§ 1332, 1331, 18 U.S.C. §1365, and 28 U.S.C. § 1367.

Sutton and Stone both argue in their "12(b)(1)" motions that plaintiffs lack standing to sue.  I believe that Sutton is correct, and that the complaint against Sutton must be dismissed for that reason.  Lori and Rodney do have standing to sue Stone, for they hired him.

The harsh conduct allegedly committed by Sutton was committed against Lyndsy Noell, not against her parents and not against her son.  Plaintiffs Lori and Rodney Goney cannot substitute themselves for their daughter's right to sue.  They cannot release their daughter's claim—indeed, it seems from the complaint that she already has released them.  They may have suffered, as parents suffer when children are addicted to narcotics, dissipate their assets and independence, and neglect their children.  But this suffering does not give parents standing to sue for wrongs committed against their adult and married daughter.  Lyndsy has not been judged incompetent; the parents have not been appointed by a court as guardians with the right to sue on her behalf; and only Lyndsy has standing to sue for wrongs committed against herself.  *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 55 (2d Cir. 2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)) (setting forth the standard for standing).

The Goneys also lack standing to sue on behalf of Trevin.  Trevin is a minor child, and, ordinarily only a guardian can bring a lawsuit on his behalf.  *See* Fed. R. Civ. P. 17(c); *see also Eley v. D.C.*, No. 16-CV-806 (BAH/GMH), 2016 WL 6267951, at *2 (D.D.C. Oct. 25, 2016) ("Rule 17(c) of the Federal Rules of Civil Procedure requires that a representative of a minor, such as a parent or guardian, sue on behalf of a minor. Fed. R. Civ. P. 17(c)."); *Auboug v. Eyre Bus Serv., Inc*., No. 2:20-CV-389, 2020 WL 7353401, at *1 (W.D. Pa. Dec. 15, 2020) ("Where the party in interest is a minor, Rule 17(c)(1) provides that a representative, such

as a general guardian, committee, conservator, or like fiduciary may sue on a minor's behalf.  If the minor does not have a representative, he or she may sue by a next friend or a guardian ad litem.").  Nowhere in the complaint is it alleged that the Goneys are acting as Trevin's guardian.  The Goneys also fail to move for their appointment as Trevin's guardian *ad litem*.  The Goneys, therefore, lack standing to sue Sutton, and it is unnecessary for this Court to rule on the merits of its "12(b)(6)" motion.  *See Garelick v. Sullivan*, 987 F.2d 913, 918 (2d Cir. 1993) (affirming the district court's decision to refrain from reaching the merits of the case for the plaintiffs' lack of standing under Article III of the Constitution).

As for the claims against Stone, the Goneys engaged him and he had a lawyer's duty to the Goneys.  The Goneys have standing, but Trevin does not.

However, the Goneys' claims against Stone lack merit.  The Goneys allege that Stone's representation in negotiations was ineffective, but a lawyer does not act negligently simply because the negotiations turned out to be ineffective.  *See Palazzolo v. Herrick, Feinstein, LLP*, 298 A.D.2d 372, 372 (2d Dep't 2002) ("[A] purported malpractice claim that amounts only to a client's criticism of counsel's strategy may be dismissed as insufficient.").  A lawyer also is entitled to a lien on clients' papers in his possession until his fees are paid, and, if lawyer and client cannot agree, a court must regulate the lien.  *See Rosen v. Rosen*, 97 A.D.2d 837, 837 (2d Dep't 1983); *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn L.L.P.*, 91 N.Y.2d 30, 34 (1997).  Stone did not violate a duty owed to his client or act negligently by asserting a lien on clients' papers.  *See Rosen*, 97 A.D.2d at 837 ("[W]here a client requests that papers in the possession of h[er] former attorney be returned to h[er], and the attorney asserts a claim for compensation for services rendered, the attorney is entitled to a determination fixing the value of his services, and the amount so fixed must be paid or otherwise secured to the attorney before

any such turnover may be enforced.").  The complaint therefore fails to sufficiently plead the facts underlying the claim "to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).

**Conclusion**

For the foregoing reasons, the complaint is dismissed.  Oral argument scheduled for January 20, 2021, is hereby canceled.  The Clerk of Court is instructed to close the open motions (ECF Nos. 12, 19, 30) and mark the case closed.

SO ORDERED.

Dated:      January 19, 2021                  _____/s/_____
            New York, New York                      ALVIN K. HELLERSTEIN
                                                     United States District Judge