UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
RODNEY GONEY et al.,

                         Plaintiffs,

        -against-

SUTTONPARK CAPITAL LLC et al.,

                         Defendants.
-------------------------------------------------------------- X

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND DEFENDANTS' MOTIONS TO STRIKE AND SEAL**

20 Civ. 5387 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        The facts of this case are set forth in my prior opinion, *see* ECF No. 48, and in the Second Circuit's opinion, *see* ECF No. 58, remanding this case for reconsideration of whether Plaintiffs should be granted leave to amend and file their proposed First Amended Complaint ("FAC").

        On July 20, 2022, I held oral argument on the record to decide Plaintiffs' motion for leave to amend (ECF Nos. 62, 62-2, 82) and Defendants' motions to strike scandalous allegations and to seal the proposed FAC (ECF Nos. 72, 74, 75, 87, 88). I ruled as follows.

1. The proposed FAC failed plausibly to allege a claim under the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* Plaintiffs did not allege the existence of an enterprise that is separate and distinct from the actors charged with conducting the affairs of that enterprise. *See Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001); *First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159 (2d Cir. 2004). On the basis of the arguments presented to me, I further held that Plaintiffs could not cure this deficiency, and therefore, allowing further amendment would be

futile.

In addition, the proposed FAC failed plausibly to allege that the Goneys suffered an injury proximately caused by SuttonPark because their claimed injury was caused not by legal obligation but by their choice to assume the responsibility of caring for Lyndsy and Trevin. The Goneys were not the direct victims of the allegedly unlawful conduct, which was directed at, and suffered by, Lindsy. Their harm was "purely contingent" on the harm caused to Lindsy, and thus cannot form the basis for a RICO claim. *See Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268–71 (1992). Plaintiffs also cannot cure this deficiency by further allegations, and I therefore denied further leave to amend, finding that such efforts would be futile.

2. Plaintiffs also failed plausibly to allege claims for negligence, gross negligence, or false imprisonment on behalf of Trevin against SuttonPark. Lyndsy signed a power of attorney, authorizing Ronald Goney to bring claims on behalf of Trevin; however, Lyndsy transferred only the legal rights that she had, and Lyndsy gave up her claims against Suttonpark when she made a series of agreements with SuttonPark to exchange her annuity for present cash value. Those agreements were approved by a Florida circuit court in 2016, upon a finding that the net amount payable was fair, just, and reasonable. Trevin cannot state a claim for negligence or gross negligence because he cannot undo what his mother did, nor can he bring claims for injuries suffered by his mother. Trevin also cannot plausibly state a clam for false imprisonment because he was at all times with his mother. The alleged abductions of Trevin and his mother preceded, and were in connection with,

      the exchanges of annuities for cash, found by the Florida court to be fair, just, and reasonable. I held that further leave to amend would be futile.

3. Finally, Plaintiffs failed plausibly to allege claims for legal malpractice or breaches of the duties of loyalty or care against Stone. First, Plaintiffs cannot state a claim based on Stone's failure to sue SuttonPark since his retainer agreement limited the scope of representation to providing legal advice, guidance, and recommendations, and explicitly provided that any litigation would be brought pursuant to a subsequently negotiated agreement. Second, Plaintiffs cannot state a claim based on an alleged conflict of interest based on professional acquaintances and prior dealings, and there are no plausible allegations of collusion. Third, Plaintiffs cannot state a claim based on Stone's allegedly wrongful retention of $7,000 in costs incurred in connection with a settlement because the retainer explicitly provided that costs could be deducted. Finally, Plaintiffs cannot state a claim based on Stone's failure to initiate a lawsuit in Florida against Sierra Lakes for the same reason they cannot state a claim for failing to sue SuttonPark—initiating lawsuits was beyond the scope of the representation as described in the retainer. As with the claims against SuttonPark, I find that no further leave is warranted because any subsequent efforts to amend would be futile.

In sum, I held that Plaintiffs failed plausibly to state a claim for relief against any of the Defendants, and to allow their proposed amendment would be futile. Thus, Defendants' motion to strike scandalous allegations and to seal the proposed FAC is academic and denied without prejudice.

3

The Clerk of Court shall terminate all open motions and grant judgment to Defendants, dismissing the complaint against them with costs.

SO ORDERED.

Dated: July 22, 2022
       New York, New York

/s/ Alvin K. Hellerstein
ALVIN K. HELLERSTEIN
United States District Judge