UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                             :

T.N., through his Power of Attorney,               :

                                                                             :         **ORDER GRANTING LEAVE TO**
                                           Plaintiff,             :         **AMEND COMPLAINT**
   -against-                                                            :
                                                                             :         20 Civ. 5387 (AKH)

SUTTONPARKCAPITAL LLC, SUTTONPARK  :
STRUCTURED SETTLEMENTS LLC, and
EDWARD STONE,                                            :
                                                                             :
                                           Defendants.    :
                                                                             :
------------------------------------------------------------- X

ALVIN K. HELLERSTEIN, U.S.D.J.:

       On remand from the Second Circuit, the sole remaining plaintiff, T.N., a resident of the State of Pennsylvania, maintains only state law claims against SuttonPark Capital LLC and SuttonPark Structured Settlements LLC (together, "SuttonPark"), with headquarters in the State of Florida, and Edward Stone, an individual with a residence in the State of Connecticut. As asserted in the proposed amended complaint (PAC), the potential jurisdictional bases that remain are supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, and diversity of citizenship pursuant to 28 U.S.C. § 1332. PAC at ¶ 29.

       Diversity jurisdiction is inadequately pled. Limited liability companies are deemed to be citizens of all the states in which their constituents are citizens. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014 (2016) ("While humans and corporations can assert their own citizenship, other entities take the citizenship of their members."). The PAC fails to identify the members of SuttonPark and allege

the citizenship of each. Absent this information, the Court cannot exercise jurisdiction over the remaining state law claims.

Unless diverse citizenship is adequately pled, the Court declines to exercise supplemental jurisdiction over T.N.'s state-law claims given the dismissal of the claims with independent federal jurisdiction. *See* § 1367(c)(1); *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 306 (2d Cir. 2003). The case is at an early stage: there have only been pre-discovery motions, and many proceedings and questions of law remain. *See Rodney Goney, et al. v. SuttonPark Capital LLC, et al.*, No. 22-1830 at 12–13 (2d Cir. 2023).

Plaintiff is granted leave to replead an adequate basis of diverse citizenship by January 21, 2024.

SO ORDERED.

Dated:   December 21, 2023                                    /s/ Alvin K. Hellerstein
         New York, New York                                   ALVIN K. HELLERSTEIN
                                                              United States District Judge