UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
                                                               :
GONEY ET AL,                                                   :
                                                               :
                                    Plaintiff,                 :      **ORDER AND OPINION**
                                                               :      **GRANTING MOTION TO**
                                                               :      **DISMISS AND DENYING**
             -against-                                         :      **MOTIONS TO STRIKE AND**
                                                               :      **SEAL**
SUTTON PARK LLC ET AL,                                         :
                                                               :      20 Civ. 5387 (AKH)
                                    Defendant.                 :
                                                               :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

   This case was first filed in July 2020 by Plaintiffs Rodney Goney, Lori Goney,

and T.N. against Defendants SuttonPark Capital LLC, SuttonPark Structured Settlements LLC,

and Edward Stone, alleging seven claims for relief. I previously dismissed those claims and

parties. ECF No. 92. On appeal, the Second Circuit affirmed my rulings as to all but the state-

law tort claims brought by T.N. against Defendants SuttonPark Capital LLC and SuttonPark

Structured Settlements LLC (together, "SuttonPark"). *See* ECF No. 98. The Second Circuit on

remand asks me to determine whether I have jurisdiction, and if so, to hear those claims on the

merits. *See id.* Plaintiff T.N., through his Power of Attorney, Rodney Goney, subsequently filed

a Third Amended Complaint, alleging only those remaining tort claims for negligence, gross

negligence, and false imprisonment against Defendants SuttonPark Capital LLC and SuttonPark

Structured Settlements LLC. ECF No. 103.

   Defendants move to dismiss the Third Amended Complaint. Defendants also

move to strike certain allegations in Plaintiffs' filings and to seal exhibits to their motion to strike

that contain the allegations they seek to strike.

## FACTS

Plaintiff T.N. is the minor son of Lyndsy Noell.  Rodney Goney holds T.N.'s Power of Attorney.  Defendant SuttonPark Structured Settlements LLC is a wholesale aggregator of structured settlements and is owned by Defendant SuttonPark Capital LLC.

The complaint alleges, and I accept to be true, the following facts:

As a result of injuries suffered in a February 4, 2005 car accident, Lyndsy Noell, then a minor, obtained a structured settlement of $1,000,000, after legal and medical fees, in the form of a John Hancock annuity.  By 2015, after becoming an adult, Lyndsy was addicted to narcotics.  She ran out of money, and, in stages between August 2015 and June 2016, and in conditions of extreme depravity, sold most of her annuity to Liberty Settlement Solutions LLC ("Liberty"), a subsidiary of Defendants SuttonPark, for $273,556.  Liberty representatives took advantage of Lyndsy's vulnerable situation by giving her drugs, gaining access to her personal information, and demonizing her family.  Lyndsy's then-3-year-old son, T.N., was present in the car and in the hotel at various, unspecified meetings between Lyndsy and SuttonPark representatives.  On July 9, 2016, Lyndsy stopped receiving annuity payments and subsequently moved herself and T.N. in with her parents, Rodney and Lori Goney.

## LEGAL STANDARD

In ruling on a motion to dismiss, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001), *as amended* (Apr. 20, 2001).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To establish a negligence claim, the plaintiff must show the existence of a legal duty, breach of that duty, and injury proximately resulting from that breach. *See Pasternack v. Laboratory Corp. of America Holdings*, 59 N.E.2d 485, 490 (2016). Gross negligence is "conduct that evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing." *American Telephone and Telegraph Co. v. City of New York et al.*, 83 F.3d 549, 556 (2d Cir. 1996). The act or omission "must be of an aggravated character, as distinguished from the failure to exercise ordinary care" to constitute gross negligence. *Curley v. AMR Corp., et al.*, 153 F.3d 5, 13 (2d Cir. 1998). To state a claim for false imprisonment, the plaintiff must show defendant's intent to confine, plaintiff's consciousness of the confinement, plaintiff's lack of consent to the confinement, and absence of a privilege to confine. *See Ali Saleh Moshad Ali v. City of New York*, 998 N.Y.S.2d 64, 67 (2d Dept. 2014).

## DISCUSSION

Plaintiff has adequately pled diversity jurisdiction pursuant to 28 U.S.C. § 1332. It is now left to decide the merits of the negligence, gross negligence, and false imprisonment claims.

The negligence and gross negligence claims rest on a theory that SuttonPark owed a legal duty of care to T.N. because its representatives gave his mother drugs, leaving her intoxicated and unable to care for him. But the law supports no such theory of duty, and Plaintiff cites no legal authority in favor of it. Parents who maintain physical custody of their minor child ordinarily assume the legal duty for that child's well-being. *See Pratt v. Robinson*, 349 N.E.2d 849, 852 (1976); *see also Thompson v. Baniqued*, 741 So.2d 629, 631 (Fla. Dist. Ct. App. 1999). Plaintiff's Third Amended Complaint does not allege that at any time Lyndsy Noell ceded physical custody of T.N. to Defendants. In fact, it alleges that "Lyndsy and the principals of SuttonPark were partaking in these illegal activities with 3-year-old T.N. in tow," indicating that

3

T.N. was in his mother's custody for the duration of the alleged tortious conduct. TAC ¶ 58, ECF No. 103. The fact that SuttonPark's representatives gave Lyndsy illicit substances and caused her to be intoxicated, assuming these allegations to be true, does not impose upon them a legal duty of care towards T.N. And T.N. cannot bring claims for injuries suffered by his mother.

Plaintiff also fails to plausibly allege a false imprisonment claim. A minor child cannot bring a false imprisonment claim against a third-party when a parent has lawful custody of that child and consents to that child's placement with a third-party. *See Leonhard v. United States*, 633 F.2d 599, 625-26 (2d Cir. 1980); *see also Decter v. Second Nature Therapeutic Program, LLC*, 42 F.Supp.3d 450, 459-60 (E.D.N.Y. 2014); *Andre v. State*, 13 So.3d 103, 105 (Fla. Dist. Ct. App. 2009). T.N. was in the physical presence of his custodial parent for the duration of the alleged tortious conduct. Lyndsy willingly chose to bring T.N. with her to meetings with SuttonPark representatives, and thus knowingly consented to T.N.'s presence.

## CONCLUSION

For the aforementioned reasons, Defendants' motion to dismiss the Third Amended Complaint is granted with prejudice. Plaintiff has made no request for leave to amend, and any such leave would be futile and unwarranted. Plaintiff has now tried and failed multiple times to raise a plausible claim for relief: no such claim can be raised. Defendants' motion to strike scandalous allegations and their motion to seal those allegations as contained in their motion to strike materials are denied as academic. The Clerk is directed to terminate the open motions, ECF Nos. 113, 115, 117, and 118, and close the case.

SO ORDERED.

Dated:     February /*/, 2025
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge